## SEPTEMBER TERM, 1720.

### SHANKS's Lessee, *vs.* BLACKISTON.

EJECTMENT for *Little Hackley*, lying in *St. Clement's Manor* in the county of *Saint-Mary's.*

THE QUESTION submitted by the *special verdict* found in this case, turned upon the following devise in the will of *John Shanks*, the grandfather of the lessor of the plaintiff, dated the 17th June 1683, viz. "I give and be-"queath unto my beloved son, *John Shanks*, the planta-"tion I now live upon at *St. Clement's Manor*, called the "*Little Hackley*, with 300 acres of land belonging to it, "after the decease of my beloved wife *Abigail*, to him and "his heirs for ever. *Item*, it is my will, that in case my "son should die before my wife, or leave no heir surviv-"ing him, then my plantation shall descend to my daugh-"ter *Mary* and her heirs; and in case she shall decease "without heirs, then to my daughter *Elizabeth*, and her "heirs; and in case she shall decease without heirs, then "to my grandson *Charles Watts*, and his heirs succes-"sively."

*John Shanks*, the son of the testator, by deed dated the 2d of March 1690, conveyed the land in dispute to the father of the defendant. The lessor of the plain-tiff is the heir at law of the said *John Shanks*, the devisee.

JUDGMENT upon the *special verdict* for the plaintiff.

*T. Bordley*, (Attorney-General,) for the plaintiff.
*Dulany*, for the defendant.

———&———

## APRIL TERM, 1721.

### PHIPPARD, Executrix of CHESELDINE, *vs.* FORBES.

REPLEVIN for negro slaves. The *special verdict* found that the negroes in dispute belonged to *Cheseldine*, the testator. That the plaintiff was appointed executrix by the will of the testator. That before proof of the will in the prerogative court, a caveat was entered against the probate of the will, and a citation issued to the plaintiff to prove the will, who did not appear, and administration was on the 20th of February 1717, granted by the com-missary general to *Mary*, wife of *George Forbes* the de-fendant, *Susanna*, wife of *T. Greenfield*, and *Dryden*, wife of *H. P. Jowles*, who were sisters of the deceased. That the said administration was afterwards revoked, and let-ters testamentary were granted to the plaintiff. That

APRIL 1721.

Phippard
vs
Forbes.

*Mary Forbes,* by the approbation of the defendant her husband, disposed of the negroes in dispute.

THE QUESTION was, whether the disposition made by the administrators be valid, or whether they had power to dispose of the negroes by virtue of their administration? It was admitted that the testator left estate enough, besides the negroes, to pay all his debts.

*Dulany,* for Plaintiff.

*Bordley,* (Attorney-General,) for Defendant.

JUDGMENT upon the *special verdict* for the defendant.

———&———

### OCTOBER TERM, 1725.

### LADY BALTIMORE, Executrix of LORD BALTIMORE, vs. EVANS, Executrix of HUETT.

DEBT upon *Bond,* dated 28th of September 1694. Writ issued to August 1722. The defendant pleaded the *act of limitations.* General *Demurrer* to the plea, and *Joinder.*

THE COUNTY COURT of Anne-Arundel, in August 1723, overruled the demurrer, and gave judgment for the defendant. The plaintiff appealed to the Provincial Court, and the judgment of the county court was *reversed,* and judgment entered for the debt and costs.

*Dulany,* (Attorney General,) for the Plaintiff.

*George,* for the Defendant.

———&———

### OCTOBER TERM, 1726.

### WILLIAMSON vs. ANDREW.

DEBT on *Bond.* PLEA that the defendant made a mortgage, (which mortgage is recited in the plea,) to secure the payment of the money, and the plaintiff accepted thereof in satisfaction. DEMURRER general and special. JOINDERS.

*Dulany,* for Plaintiff. It must be a higher thing that extinguishes a debt—2 *Danv.* 506, *y. pl.* 1. 2 *Danv.* 506, *z. pl.* 1. A thing of equal altitude will not extinguish a debt—2 *Danv.* 506, *z. pl.* 1. 1 *Roll's Ab.* 470, 471. *Lutw.* 137. *Cro. Car.* 85. 3 *Lev.* 55. *Cro. Eliz.* 304, 727.

*Bordley, Cumming,* and *E. Jenings,* for Defendant.

JUDGMENT upon the demurrers for the plaintiff.